### ALASKA TREADWELL GOLD MINING CO. v. CRINIS.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1919.)

No. 3212.

1. APPEAL AND ERROR ⬤⟞1050(1)—REVIEW—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Error in the admission in evidence of opinions of witnesses as to whose employment a person was in *held* without prejudice to defendant, in view of detail by the witnesses as to the facts forming the bases of their opinion.

2. MASTER AND SERVANT ⬤⟞404—EVIDENCE OF RELATION—MATERIALITY.

In an action against a mining company for compensation for the death of an employé, on the issue whether deceased was an employé of defendant the pay roll of another company, made out by a bookkeeper, and which deceased did not sign nor see, *held* properly excluded as immaterial.

3. MASTER AND SERVANT ⬤⟞397½, New, vol. 7A, Key-No. Series—NOTICE OF ACCIDENTS—ALASKA COMPENSATION LAW.

Provision of Alaska Workmen's Compensation Law, § 9, requiring an employer who has been furnished by the employé with the names and addresses of his beneficiaries to notify them of his death, *held* to apply to an employer which, with other companies, hired men through a common agent, who was furnished with such statement.

In Error to the District Court of the United States for Division No. 1 of the District of Alaska; Robert W. Jennings, Judge.

Action at law by Catherine Crinis against the Alaska Treadwell Gold Mining Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Hellenthal & Hellenthal, of Juneau, Alaska, for plaintiff in error.

J. H. Cobb, of Juneau, Alaska, for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Section 9 of the Alaska Compensation Act (Session Laws Alaska 1915, p. 146), provides that, where a person claims to be a beneficiary entitled to compensation under the act, such beneficiary or some one in his or her behalf shall within 120 days from and after the death of such employé serve a written notice upon the employer, which notice shall contain the name and address of the person claiming to be such beneficiary, the relationship existing between such beneficiary and the deceased, and certain other matters not now material. It is also provided that:

---

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Such notice shall be liberally construed and no claim for compensation shall be denied because of any defect in the notice, provided it appears that a notice was served with a bona fide intention to comply with the provisions of this act."

After providing for a method of service upon the employer the section ends with the following sentence:

" *   *   * Except in the cases in this section otherwise expressly provided, no action or other proceeding to recover such compensation shall be brought or maintained, nor shall any claim for such compensation be filed or allowed as hereinafter provided unless such notice shall have been served in the manner and within the time, herein provided."

In the complaint filed by Catherine Crinis, widow of Nicholas P. Crinis, it was set up that Nicholas Crinis was killed about June 30, 1916, while in the employ of the Alaska Treadwell Gold Mining Company, and left a widow and five children; the children being under the age of 16 years. There was no allegation that any notice of claim had been served upon the defendant. The mining company demurred, but the court overruled the demurrer. The matter went to trial upon the direct issue whether Nick Crinis at the time of his death was an employé of the defendant mining company.

In the course of the trial defendant offered to prove that no notice had been served upon it by the plaintiff or any one in her behalf stating that she was a beneficiary. The court excluded such evidence upon the ground that that was not part of the right, but was a matter of affirmative defense, which had not been pleaded in the answer of the mining company. The jury found specially that at the time of his death Crinis was an employé of the Alaska Treadwell Gold Mining Company. Judgment was entered in favor of the plaintiff, and by writ of error the case is brought here for review.

[1] Error is assigned because the court in the course of the examination of several of the plaintiff's witnesses permitted them to answer questions substantially in this form:

"What was Crinis' occupation, and in whose employ was he at the time he was killed?"

Considering the issue, we think the court should have sustained objections to the questions. But inasmuch as the witnesses testified in detail as to where and how the miners were employed, who paid them their wages, what the method of transacting business was, who was president and who was employment agent of the several mining companies of which group the plaintiff in error was one, there was no prejudice to the rights of the plaintiff in error. It was in evidence that plaintiff in error, the Alaska United Gold Mining Company, and the Alaska Mexican Gold Mining Company had the same officers and were intimately associated in business conduct; that purchases were made by the companies from the Alaska Treadwell Company; that the Alaska Treadwell acted as a banker; that the offices of the several companies are combined; that the bookkeeping is all done in one department and one place, and the cash all disbursed by one man, each company contributing to the Treadwell Company the amount of cash

the Treadwell Company has advanced on its account. The men were employed by one employment agent, whose office had but a single sign, "Employment Office" over the door, and the men were then directed as to what mines they were to work in. Crinis was killed in the Ready Bullion mine, operated by the Alaska United Gold Mining Company and was paid some money by that company very shortly before his death. As all these matters bore upon the issue whether or not deceased was an employé of the plaintiff in error, and the court carefully instructed the jury that the issue was whether Crinis was an employé of the plaintiff in error or of the Alaska United Company, the answers which became opinions of the witnesses that the deceased was in the "employ" of the plaintiff in error at the time of his death could not have misled the jury.

[2] It is said that the court erred in refusing the offer of the pay roll of the Alaska United Gold Mining Company. Counsel for the plaintiff below objected to the introduction of this paper because it was not signed by Nick Crinis, and he particularly objected to all of the pay roll except for the months of June and July, 1916. We think the court correctly excluded the pay roll, because it did not bear the signature of Crinis. He never saw it; it was made up by the bookkeeper of the Alaska United Gold Mining Company. It was immaterial. Furthermore, counsel for the plaintiff below in his final objection did not attempt to exclude the offer of such pay rolls for June 30th and July 1st, but counsel for plaintiff in error made no further attempt to have the pay roll of these particular dates put before the jury, and the court made its ruling as to the whole pay roll which evidently covered a long period of time.

[3] It is contended that failure by the beneficiary or some one in her behalf to serve notice called for by the statute precluded the filing or allowance of any claim for compensation, as well as any action to recover such compensation. We are convinced that the plaintiff in error cannot take advantage of this point and for this reason. The plaintiff in error, as well as the other mining companies heretofore referred to, had a common employment agent. He testified that Nick Crinis at the time of his death was not in the employ of the Alaska Treadwell Company; that there had been furnished to witness as employment agent, through the foreman of the Ready Bullion mine, a card statement showing the names of those who would be entitled to benefits under the provisions of the statute herein involved in case he should die as a result of an injury received by him arising in the course of his employment. This statement appeared to be signed by Nick Crinis, although in the opinion of the employment agent Crinis himself did not make the signature. However that may have been, the employment agent certified that the answers to the questions on the card had been made by Crinis in his presence, and undoubtedly the card was accepted and filed by the employment agent, representing his principals, as to who the beneficiaries of Crinis would be in case of his death.

The first paragraph of section 9 of the statute provides that every employé, when he is employed, or thereafter, shall furnish a written

statement showing the names of the persons who would be entitled to benefits under the provisions of the act, in case he should die.  In all cases where the statement referred to is furnished the employer by the employé, the employer shall, if the employé be killed as a result of an injury received in the course of his employment, notify each beneficiary named in the last statement of the fact of such death.  The form of notice is included in the statute, and it is provided that a failure on the part of the employé to supply the employer with a statement as provided shall not work a forfeiture of the right of his beneficiaries to benefits under the statute, but shall relieve the employer of all obligation to give to any of the beneficiaries of such deceased employé notice of the fact that the employé is dead.  The statute continues:

"In cases where the employer shall have been furnished with such statement or statements and shall fail to notify the beneficiaries therein named as shown by the last statement furnished, within the time and in the manner: * * * Provided, such beneficiaries who have not been so notified shall have the right to notify the employer of their claim to benefits and file claims and prosecute actions or other proceedings for the recovery thereof, notwithstanding the fact that such notice was not served as hereinafter provided within the period of 120 days from and after the time that the employé became deceased."

Now, if Crinis when he was killed was an employé of the Alaska Treadwell Company, and the verdict of the jury is that he was, and the statement already referred to was accepted by the employment agent of that company acting for such principal, then we have a situation where the Alaska Treadwell Company, employer, failed to notify the beneficiaries named in the statement within the time required by the statute, or at all, after the employé was killed, in which event the beneficiaries named in the statement and who were not notified had the right, not only to notify the employer of their claims and to file claims, but also to "prosecute actions or other proceedings for the recovery thereof," notwithstanding the fact that notice to the employer was not served within 120 days from and after the time that Crinis, the employé, was killed.

Counsel have urged that, if it is held the Alaska Treadwell Company is liable under the circumstances of the case, it is to hold practically that the plan under which the several mining companies referred to are operated must be abandoned.  We cannot agree that any such result must follow a general plan of employment of the same persons as officers by the several mining companies.  It would seem to be quite simple for such an employment agent, when he acts in employing a man, to make it perfectly plain to the employé for which company the agent is acting, and for which the employé is to work.

Judgment affirmed.