### AFRIC et al. v. ALASKA UNITED GOLD MINING CO.

(First Division. Juneau. April 24, 1922.)

No. 2160–A.

**1. Master and Servant ☞398—Death—Limitation of Actions—War.**

One Joseph Afric was accidentally killed in defendant's mine in Alaska, while engaged in the regular course of his employment therein as a miner. Plaintiff, as the administrator of his estate, sues to recover damages under the Alaska Miners' Compensation Law (c. 71, Sess. Laws Alaska 1915). On demurrer, that the action was not brought within two years, as required by statute, *held*, the general law of procedure in Alaska applicable to other actions applies; that the deceased was an Austrian, with whose country the United States was at war. and the time of the continuance of the war shall not be a part of the period limited. Demurrer overruled.

**2. Limitation of Actions ☞113—War.**

It is a general rule that the statute of limitations is suspended during the period of war as between citizens of belligerent nations, and an alien enemy cannot sue in the courts of the country with which his country is at war. His right of action is suspended until the close of the war, and the statute of limitations will not run against him during the continuance of the state of war.

**3. War ☞33—Armistice.**

The contention that the Armistice of November 11, 1918, constituted a cessation of a state of war cannot be upheld, for an armistice is simply a cessation of hostilities during a state of war, having in contemplation a renewal of hostilities thereafter.

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Master and Servant** ⬥193(1)—**Pleadings—Notice under Miners'**
**Compensation Act.**

Defendant demurred to plaintiffs' complaint, that it did not show that the beneficiaries served a written notice upon defendant company within 120 days, as provided in section 9 of the Alaska Miners' Compensation Act. *Held*, a failure to serve the 120 days' notice must be taken advantage of by an affirmative defense in the answer, and not by demurrer.

This is an action brought under chapter 71, Session Laws of Alaska 1915, by Maria Afric, the mother of Joseph Afric, deceased, and Frank Afric, administrator of the estate of John Afric, deceased, who was the father of said Joseph Afric, killed while in the employ of the defendant company, in an accident arising out of and in the course of his, the said Joseph Afric's employment as a miner on the mining claim of the defendant.

The complaint sets forth in effect that the defendant is, and was at all times mentioned therein, duly incorporated under the laws of the territory, and as such is and was engaged in operating gold mines in the territory of Alaska, and, in such operation, employing more than five men; that the plaintiff Maria Afric is the mother of one Joseph Afric, who was killed in an accident in the said mine, and is, and was at all times in the complaint mentioned, until the 2d day of July, 1921, the date of the termination of the war with Austria, a resident of Velli Brgud, Istria, Austria, and a subject of the kingdom of Austria; that the plaintiff Frank Afric is the duly appointed administrator of the estate of John Afric, deceased, the said John Afric being the father of said Joseph Afric, and was, from and before the 1st day of April, 1917, to the 1st day of April, 1918, the date of his death, a subject of the kingdom of Austria-Hungary, and residing in Velli Brgud, Istria, Austria; that on the 1st day of April, 1917, the said Joseph Afric was in the employ of the defendant in and about and in connection with its mining operations on Douglas Island, and was then and there killed in an accident arising out of and in the course of his employment; that on or about the 1st day of April, 1918, the said John Afric, the father of the said Joseph Afric, killed as aforesaid, died intestate at Fiume, Istria, Austria, leaving surviving him the said Maria

Afric, his widow, Katarina Afric, Anton Afric, and Frank Afric, his children; that prior to the said accident, wherein the deceased, Joseph Afric, was killed, the defendant and the said deceased failed to give notice that they, or either of them, rejected the provisions of chapter 71, Session Laws of Alaska 1915.

To this complaint the defendant company has interposed a demurrer on two grounds: First, that it appears on the face of the complaint that the action was not brought within the time limited by the Miners' Compensation Act (chapter 71, Session Laws of Alaska 1915); that is to say, brought within two years; second, on the ground that the complaint does not show that the beneficiaries, within 120 days from and after the date of the death of Joseph Afric, served a written notice upon the defendant company, as provided by section 9 of said act.

Henry Roden, of Juneau, for plaintiffs.

Hellenthal & Hellenthal, of Juneau, for defendant.

REED, District Judge. Taking up the first ground of the demurrer, that the action was not brought within the time limited by chapter 71, Session Laws of Alaska 1915, as therein provided by section 26 of the act:

That "any and all claims for compensation under this act shall be barred unless an action for the recovery of the same shall be commenced within two years after the cause of action shall have accrued, or, in the event of mental incapacity, within two years after the removal of such mental incapacity."

To this contention the defendant urges that during the period of time from the commencement of the World War with Austria—that is, from December 7, 1917, to July 2, 1921 —a state of war existed between Austria-Hungary, of which the beneficiaries were subjects, and the United States, and that during such period the statute of limitations, as set forth in section 26, chapter 71, Session Laws of 1915, would not run, and refers to the act of Congress of the United States commonly known as the "Trading with the Enemy Act," approved October 6, 1917 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, §§ 3115½a–3115½j), and particularly to the section thereof which reads as follows:

"Nothing in this act shall be deemed to authorize the prosecution of any suit or action at law or in equity in any court within the United States by an enemy or ally of enemy prior to the end of the war, except as provided in section 10 hereof." Section 7 (b).

Section 10 of the act refers exclusively to certain litigation relative to patents, copyrights, etc., and does not except actions of this nature from the purview of the whole act.

Section 21 of the act known as the "Miners' Compensation Act" (chapter 71, Session Laws of 1915), also contains a provision to the effect that "actions for the recovery of compensation due under this act may be brought, maintained and determined in and by the courts of this territory, and when so brought shall be governed by the law of procedure applicable to other actions for the recovery of money except as herein otherwise expressly provided," and counsel for the plaintiff contends that chapter 2, title 13, Compiled Laws of Alaska, relative to limitations of actions, expressly excepts the running of the statute where the parties litigant are subjects of different nations at war, citing the following section:

"When a person shall be an alien subject or citizen of a country at war with the United States, the time of the continuance of the war shall not be a part of the period limited for the commencement of the action." Section 850, Compiled Laws.

It is a general rule that the statute of limitations is suspended during the period of war as between citizens of belligerent nations, and an alien enemy cannot sue in the courts of the country with which his country is at war. His right of action is suspended until the close of war, and the statute of limitations will not run against him during the continuance of the state of war between the belligerent countries.

Counsel further argues that, under this view of the law, Joseph Afric having been killed on April 1, 1917, and the war having been declared on December 7, 1917, up to that time the statute had only run for eight months and seven days before the declaration of war, and the war having ended on July 2, 1921, and this action commenced on February 4, 1922, the statute ran for seven months and two days after the end of the war, making in all, for the running of the statute, one year, three months and nine days, and that therefore the action is not barred by the statute of limitations above cited.

To this the defendant maintains that, by the Treaty of Ver-

sailles, Istria was ceded to Italy; and that by the terms of the Treaty of Versailles the inhabitants of Istria became citizens of Italy, and that therefore the statute began to run immediately after the cession of Istria to the kingdom of Italy, for the reason that Italy was at no time at war with the United States.

Counsel further contends that the Armistice of November 11, 1918, concluded between the Allies and Austria-Hungary, constituted a cessation of a state of war, and that the statute would begin to run immediately from that time, so that the whole period of more than two years had elapsed in which the statute would run before the commencement of the action.

I cannot agree with the contentions of the counsel for defendant. The contention that the Armistice constituted a cessation of a state of war cannot be upheld, for an armistice is simply a cessation of hostilities during a state of war, having in contemplation a renewal of hostilities thereafter. The contention that the Treaty of Versailles dissevered all of Istria from Austria and placed it under the dominion of the kingdom of Italy, and that the citizens of Istria thereby became the citizens of Italy, involves a consideration of the Treaty of Versailles. This treaty was never adopted by the United States, and is not a part of the substantive law of this country. While, as a general rule, this country will recognize treaties between foreign countries, yet I do not think that the courts can take judicial knowledge of the terms of treaties between foreign countries themselves. The terms of treaties must be proved equally with foreign statutes or laws. The Treaty of Versailles itself does not provide that all of what is known as Istria shall become a part of the dominion of Italy. A part of Istria is also ceded to Croatia and Slovakia, or the Jugo-Slav races, and while the treaties, in general terms, provide that the population of the territory ceded shall become citizens of the country to which the territory is appropriated, yet there are other provisions or options to the inhabitants of the country, as to whether they will remain citizens of Austria-Hungary or other countries to which they were formerly subject.

The complaint itself states in terms that the beneficiaries of the deceased were residents of a hamlet in Istria, Austria, and were at all times and up to July 2, 1921, subjects and

citizens of Austria-Hungary, July 2, 1921, being the date of the joint resolution of Congress declaring the termination of the war with Austria. If, as a matter of fact, the plaintiffs became citizens of either the king of Italy or of Jugo-Slavia prior to July 2, 1921, that would be a matter of affirmative defense for the defendant to set up in its answer, in a plea that the action was not commenced within the time required by the statutes.

As to the second ground of demurrer, that the complaint does not show that the beneficiaries have, within 120 days from the death of Joseph Afric, served a written notice upon the defendant company, as provided for by section 9 of the Miners' Compensation Act, I do not think the objection well taken, or that it is a ground of demurrer. If it is a fact that the beneficiaries have not complied with the conditions of the act in that respect, and were required to do so, by reason of notice being given to them, as provided in the statute, then it would be a matter of affirmative defense for the defendant to set up the lack of notice. This defense may be set up in the nature of a plea in bar to the action or generally in the answer itself. I take it that this was also the view of Judge Jennings, in the case of Crinis v. Alaska Treadwell Gold Mining Co., 255 Fed. 810. The Circuit Court of Appeals in this case, in citing the facts of the case, says:

"There was no allegation that any notice of claim had been served upon the defendant. The mining company demurred, but the court overruled the demurrer."

The court further says:

"In the course of the trial defendant offered to prove that no notice had been served upon it by the plaintiff or any one in her behalf, stating that she was the beneficiary. The court excluded such evidence upon the ground that that was not part of the right, but was a matter of affirmative defense, which had not been pleaded in the answer of the mining company."

While the Circuit Court in that case did not pass directly upon the point, yet I am convinced that the ruling of Judge Jennings therein was correct. The statute requires several conditions to be performed by the employer and the employee before compensation, each one depending upon the other. In the first place the employee, when he is employed or thereafter, must give to the employer the names and residences of

6 A.R.—35

his beneficiaries. If he does not do so, then the employer is not required to notify the beneficiaries of the death of the employee, in case such occur. If, however, the employee does give notice of the names of the beneficiaries, in case of fatal injuries received by him, it is then required that the employer, in case of fatality occurring, shall notify the beneficiaries of the death, and, if the employer does do so, it then becomes necessary for the beneficiaries to notify the employer, within 120 days after the death of such employee, the name and address of the person claiming to be such beneficiary. If, however, the employer shall fail to furnish the beneficiaries with a statement of the death of the employee within the time provided, the beneficiaries who have not been so notified, will have the right to notify the employer of their claims for benefits and file claims therefor and prosecute the same, notwithstanding the fact that the notice required of the beneficiaries was not served within the period of 120 days after the time that the employee became deceased.

Taking each of the several requirements of notice, each dependent upon the performance by the party of the other, it seems to me that it is necessary for the defendant to set up in his answer, as an affirmative defense, that the notice required by the statute was not served within 120 days from the death of the deceased, and also that it had served notice on such beneficiaries as required by statute, or show that the deceased himself had failed to give the names of such beneficiaries as required under section 9 of the statute.

The demurrer will therefore be overruled. The usual time will be allowed to answer.